IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                    )
131 M St., NE, 4ᵗʰ Floor       )
Washington, D.C. 20507         )            CIVIL ACTION NO.
                               )
                               )            COMPLAINT AND JURY
                               )            TRIAL DEMAND
            Plaintiff,         )
                               )
                               )
                               )
        v.                     )
                               )
                               )
                               )
TIDALHEALTH  PENINSULA  REGIONAL,)
INC.,   D/B/A   MCCREADY   HEALTH)
PAVILION,                      )
100 E. Carroll St.             )
Salisbury, MD 21801            )
                               )
and                            )
                               )
TIDALHEALTH, INC.              )
100 E. Carroll St.             )
Salisbury, MD 21801            )
                               )
            Defendants.        )
_____   )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide

appropriate relief to Carol Jones ("Jones"), female.  As alleged with greater particularity in

paragraph 19 below, Defendants held Jones to a heightened standard of discipline than it held to

her male counterpart and ultimately terminated her on the basis of sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant TidalHealth Peninsula Regional, Inc., has continuously been doing business in the State of Maryland and has continuously had at least 15 employees.

5. At all relevant times, Defendant TidalHealth, Inc. has continuously been doing business in the State of Maryland and has continuously had at least 15 employees.

6. At all relevant times, Defendant TidalHealth Peninsula Regional, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant TidalHealth, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant TidalHealth, Inc. ("TidalHealth") was the parent company of a group of affiliated non-profit and for-profit healthcare entities, including Defendant TidalHealth Peninsula Regional, Inc. ("TidalHealth Peninsula") (collectively Defendants).

9. At all relevant times TidalHealth Peninsula has done business as McCready Health Pavilion and operated a facility of the same name located in Crisfield, Maryland.

10. At all relevant times, TidalHealth Peninsula and TidalHealth have comprised an integrated enterprise and/or single employer.

   a. Upon information and belief, Defendants share common ownership.

   b. Defendants share a registered agent and address: Michael Costa, 100 E. Carroll St., Salisbury, MD.

   c. Defendants share a common website (www.tidalhealth.org) and list the same phone number of 410-546-6400 on LinkedIn.

   d. Defendants share common management, including Steven Leonard, who is the Chief Executive Officer and President of TidalHealth, and the President of TidalHealth Peninsula.

   e. TidalHealth controls and/or performs labor relations and human resources functions for TidalHealth Peninsula, including processing payroll, formulating TidalHealth Peninsula's employee handbook, and being involved in investigations

or discipline/termination of TidalHealth Peninsula workers and/or appeals by such workers.

 f. The employer on Jones' W2 is identified as "TidalHealth."

 g. Lady Johnson was the Employee Relations Manager in the Human Resources department for TidalHealth.

 h. Lady Johnson was involved in Defendants' decision to discipline and terminate Jones in 2023.

 i. Lady Johnson signed Jones' discipline form dated June 19, 2023, on behalf of Defendants.

 j. Lady Johnson signed Jones' termination form dated June 20, 2023, on behalf of Defendants.

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, Jones filed a charge with the Commission alleging violations of Title VII by Defendants.

12. On August 15, 2025, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated.

13. With its Letter of Determination, the Commission invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14. The Commission provided Defendants with a proposed conciliation agreement to remedy the discriminatory practices described in the Letter of Determination on terms acceptable to the Commission.

15. The Commission engaged in communications with Defendants concerning conciliation.

16. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

17. On September 30, 2025, the Commission issued to Defendants a Notice of Failure of Conciliation.

18. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

19. Since at least on or about June 17, 2023, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2(a)(1) by subjecting Jones to discriminatory discipline and termination.

    a. McCready Health, the prior operator of McCready Health Pavilion, hired Jones, female, in 2016 as a housekeeper.

    b. In or about March 2020, Defendants acquired McCready Health and subsequently assigned Jones to a new role as a van driver at McCready Health Pavilion.

    c. Jones's job duties included transporting nursing home residents.

    d. When not transporting residents, Jones also assisted Defendants' residents with recreational activities.

    e. Throughout her employment with Defendants, Jones performed her job duties in accordance with Defendants' expectations.

    f. Once Richard Sipe ("Sipe"), male, became Jones's supervisor in or about September 2020, he held her to a more stringent standard than he held Jones's male co-worker, Robert Kenny Byrd ("Byrd") and at times attempted to discipline and blame Jones for conduct for which she was not responsible or involved.

g.  On June 17, 2023, Defendants assigned Jones to drive a wheelchair-bound resident in its mobile health services van.

h.  While Jones attempted to offload the wheelchair-bound resident from the van using a mechanical lift, the lift was not situated properly, causing Jones and the resident to drop approximately three feet to the ground.

i.  Jones immediately reported the resident offloading incident of June 17, 2023 to Defendants.

j.  Defendants initiated an investigation and suspended Jones. Sipe was involved in the investigation and suspension of Jones.

k.  On or about July 3, 2023, Defendants terminated Jones, citing the resident offloading incident of June 17, 2023.

l.  Sipe was present during Jones's termination meeting and signed Defendants' notice of termination to Jones.

m.  Defendants replaced Jones with a male driver and at least up until being notified of Jones's charge of discrimination, Defendants have not hired a female driver.

n.  Byrd's job duties included transporting nursing home residents using the same mobile health services van as used by Jones.

o.  On February 27, 2023, Byrd was using the mobile health services van to transport a wheelchair-bound resident.

p.  Byrd had failed to properly secure the resident on the lift.

q.  While Byrd attempted to offload the wheelchair-bound resident from the van using the lift, the resident fell to the ground and suffered injuries.

r.  Upon information and belief, Byrd failed to immediately report the resident offloading incident of February 27, 2023 to Defendants.

s.  The resident's caretaker witnessed the resident's fall from the lift and reported it to Defendants.

t.  Defendants did not investigate Byrd for his resident offloading incident.

u.  Defendants did not discipline Byrd for his resident offloading incident.

v.  Defendants did not terminate Byrd.

w.  Upon information and belief, Defendants continue to employ Byrd.

x.  Upon information and belief, as part of his job duties, Byrd continues to transport residents using Defendants' mobile health services van.

20. The effect of the practices complained of in paragraph 19 above has been to deprive Jones of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

21. The unlawful employment practices complained of in paragraph 19 above were intentional.

22. The unlawful employment practices complained of in paragraph 19 above were done with malice or with reckless indifference to the federally protected rights of Jones.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against women.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make Jones whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D. Order Defendants to make Jones whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E. Order Defendants to make Jones whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendants to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that Defendants will not discriminate against any employee because of sex.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney

/s/ Thomas D. Rethage
THOMAS D. RETHAGE
Assistant Regional Attorney

MYKA N. HELD
Trial Attorney
Washington Field Office
131 M. St. N.E., 4th Floor
Washington, D.C. 20507
Phone: 202-921-2752
E-mail: myka.held@eeoc.gov
IL Bar Number: 6320768
D.C. Bar Number: 90015289

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
Philadelphia District Office

Date: June 2, 2026